BARBER ASPHALT PAVING CO. v. FORTY-SECOND ST., M. & ST. N. AVE. RY. CO. (Circuit Court, S. D. New York. June 9, 1909.) In Equity. On exceptions to report of special master on claim of William W. Ladd, receiver of the New York City Railway Company. Merrill & Rogers, for receiver Forty-Second St., etc., Ry. Co. Bowers & Sands, for Central Trust Co. J. Parker Kirlin, for Metropolitan St. Ry. Co. Dexter, Osborn & Fleming, for receiver New York City Ry. Co.

LACOMBE, Circuit Judge. It is quite important that there should be an early final determination of the questions arising upon these exceptions, especially because similar questions are presented in the cases affecting the other "controlled companies," and it is expected that the receiverships of the various units comprised in the Third Avenue System can soon be terminated if all legal complications are disposed of. Therefore it seems wiser not to undertake the preparation of an extended opinion, but to indicate briefly the conclusions of this court. The first seven conclusions of the special master as to "open account" and the "promissory note for $893,-433.30" are concurred in, for the reasons given in his report. The exceptions to the eleventh conclusion, that the claim on the said note is impressed with a trust' in favor of the mortgage trustee, are sustained for these reasons: (1) Construing the instrument as a whole, I am not satisfied that it was the intent of the parties that obligations incurred to the railroad company (or to its assignees or sublessee) for current operating debt incurred in the ordinary course of business, should be held for or assigned to the trustee, under the provisions of the clause relied upon on page 43 of the printed copy of the mortgage. (2) No written demand was made by the trustee until after the property passed out of the control of the sublessee into that of the receivers. In view of the conclusion reached as to the eleventh conclusion, it is not necessary now to discuss the ninth or tenth conclusions. In order, however, to facilitate the presentation of the whole case on appeal, the exceptions to those conclusions are overruled. As to the eighth conclusion the exception is overruled; but the order confirming the report should contain a clause allowing claimant to prove so much of the claim represented by this promissory note as includes "current operating debt incurred in the ordinary course of business."

---

HARRINGTON et al. v. ATLANTIC & P. TELEGRAPH CO. et al. (Circuit Court, S. D. New York. May 20, 1909.) Fred J. Stone, for complainants. John F. Dillon and Rush Taggart, for defendants.

NOYES, Circuit Judge. In view of the expected early hearing of the exceptions to the master's report and of the death of the attorney for the complainants, who is stated to have reached an agreement with respect to the amount of the master's fees, it seems to me preferable that action upon this motion should be deferred until after the hearing upon such exceptions. The master's fees cannot be apportioned until after the hearing upon this report, and the amount thereof can better be fixed at that time. I am not deciding that in all cases a master must wait for his fees until his report is acted upon. On the contrary, it would seem that there might be many cases where the parties should be required to advance his fees and to leave the matter of adjustment between them for future determination. Consequently this motion will be denied, without prejudice to its renewal in case of delay in bringing on the hearing upon the master's report.