CENTRAL TRUST CO. OF NEW YORK v. THIRD AVE. R. CO. et al.

(Circuit Court, S. D. New York. September 1, 1910.)

STREET RAILROADS (§ 58*)—RECEIVERS—ACCOUNTING.

    A petition for an order directing the receiver for an insolvent street railroad company to turn over to petitioners, who were the trustees under a mortgage given by another company, and the purchaser of the property under such mortgage, certain notes and claims held by the receiver against third parties, claimed to be covered by the mortgage, denied to await the result of an accounting between the receiver and the debtors, and also an accounting between the receiver and the trustee petitioner.

    [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

In Equity. Suit by the Central Trust Company of New York against the Third Avenue Railroad Company and others. On petition for an order against William W. Ladd, receiver of the New York City Railway Company. Petition denied.

See, also, 175 Fed. 154.

Bowers & Sands, for complainant.
Byrne & Cutcheon, for Pennsylvania Steel Co.
Evarts, Choate & Sherman, for receiver.
Bronson Winthrop, for Morton Trust.
Masten & Nichols, for receivers of New York City Ry. Co.

LACOMBE, Circuit Judge. This is a petition by the trustee under the mortgage of the Third Avenue Railroad, which has been foreclosed, decree entered, and the property sold to purchasers, the deed approved and delivered. Petitioner asks that certain promissory notes and claims held by the receiver of the New York City Railway Compa-

ny be turned over to petitioner. The situation will best be presented by stating the facts in connection with the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. When receivers were appointed for the New York City Railway Company, they found in its possession a promissory note payable to its order on demand for $893,433.30, made by the Forty-Second Street Company and also an open account upon the books against the last-named company for $112,523.91. These receivers filed and their successor Ladd, as receiver, prosecuted a claim against the Forty-Second Street Company on the note and the open account. This company set up certain countercharges. The master before whom these claims were prosecuted held that certain items of interest which figured in them should not be credited to the New York City Company, and that if these items of interest were deducted, there would be no balance of the claims in excess of the countercharges, and therefore he dismissed the claims. The case being carried to the Circuit Court of Appeals, that court held that the New York City Company was entitled to the accruing interest as income, and that this indebtedness was not subject to the lien of the mortgage of which petitioner is trustee, and that during the period which elapsed from the date when the receivers of the New York City Company took possession until January 12, 1908, when the Forty-Second Street property was turned over to the receiver of the Third Avenue Railroad, the former receivers were entitled as officers of the court to claim any balance of open account in their own right, without any obligation to account therefor to the mortgagee (petitioner here), because they were not bound by the covenant of the mortgagor. The cause was remanded to the master for final disposition—and the taking of further proof if required—in conformity with the decision, the Court of Appeals expressing the opinion that the claims might be disposed of without the necessity of another independent proceeding.

That court also held that the New York City Company and its receivers were "bound to account to the mortgagee" for the note and for the balance of open account down to September 24, 1907, when such receivers were appointed and took possession, the sole right of the mortgagee (the Central Trust Company, now petitioner) "being to enforce the covenant contained in the mortgage as to indebtedness of the controlled companies," of which the Forty-Second Street Company was one. This holding petitioner contends is equivalent to a direction that the note and the claim should be turned over to the petitioner (or its successor in interest) or to the receiver of the Third Avenue Railroad Company. I do not so understand the opinions of the Court of Appeals. All that is held is that supplemental to the accounting between the New York City receiver and the Forty-Second Street Company, which will determine what proceeds, if any, shall be realized by the former, there shall be an accounting of said receiver with the mortgagee to determine what amount of said proceeds represents items which should under the covenants of the mortgage be accounted for to the mortgagee. Of course, on such later accounting whatever defenses, if any, the New York City Company or its receiver might have to a claim founded on such covenants could be proved and availed of, and the various creditors of the New York City Railway Company and

of the Metropolitan Company could have their day in court. It is conceivable that no proceeds whatever may come to the hands of the New York City receiver from the Forty-Second Street Company, which is itself in the hands of a receiver and about to be sold under foreclosure. If there are no proceeds realized; there will be nothing to account for.

The petitioners Wallace and others bought the property of the Third Avenue Railroad Company at sale under foreclosure of the mortgage under which petitioner is trustee. They contend that such purchase included this note and balance of open account, that they own the same, and they pray that possession thereof be delivered to them. Neither the note nor the balance on open account is mentioned or described in the bill of foreclosure, or in the amended or supplemental bill, or in the decree of foreclosure and sale. The special master's deed, however, purports to convey "any and all rights, titles, lien or interest which the trustee (under the mortgage) has in and to" the promissory note made by the Forty-Second Street Company for $893,433.30 and "all right, title, lien or interest of said trustee in and to any book accounts and claims which may exist against said last-mentioned company in favor of the New York City Railway Company or its receivers or receiver." Without now expressing an opinion as to the effect of failure to include these items of property specifically in the bill and decree, the court is satisfied that the purchasers are entitled to appear and be heard on the accounting between the Forty-Second Street Company and New York City Railway receiver, so that they may submit whatever they may be advised in the way of evidence or argument to induce the master to find a balance in favor of such receiver so that their "interest" therein, if any, may become of some real value.

Further details as to the situation here presented will be found in decisions of this court (Barber Asphalt Paving Co. v. Forty-Second St., M. & St. N. Ave. Ry. Co., 170 Fed. 1022; Id., 175 Fed. 154) and the Circuit Court of Appeals.

This petition includes a prayer for relief similar to that asked for in the case of the Forty-Second Street Company in respect to notes of the following companies: Dry Dock East Broadway & Battery, Union Railway, Kingsbridge, Westchester Electric, and Yonkers—and also in respect to claims against said last-named companies and against the Southern Boulevard and the Tarrytown, White Plains & Mamaroneck Companies. In the case of none of these companies have proceedings before the special master been carried so far, and in some, apparently, they have not been begun; but it is understood, at least the record now submitted shows nothing to the contrary, that the situation and the questions of fact and law which will arise thereon are substantially the same as in the case of the Forty-Second Street Company. A similar disposition should therefore be made of the petition as to these other notes and claims.

The prayer of the petition to turn over these notes and book accounts to the trustee under the Third avenue mortgage, or to the purchasers at foreclosure sale, or to the receiver of the Third Avenue Railroad is denied.